LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

JULIAN PERDOMO,
*on behalf of himself, FLSA Collective Plaintiffs and the Class*,

        Plaintiff,

        v.

113-117 REALTY, LLC,
DIRECT PROPERTY MANAGEMENT LLC, and
LAWRENCE MAROLDA,

        Defendants.

---

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff, JULIAN PERDOMO (hereinafter, "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, 113-117 REALTY, LLC, DIRECT PROPERTY MANAGEMENT LLC (together, the "Corporate Defendants"), and LAWRENCE MAROLDA (the "Individual Defendant")(collectively, the "Defendants"), and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he, FLSA Collective Plaintiffs and similarly situated individuals are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid spread of hours, (3) liquidated damages and statutory penalties and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims of Plaintiff and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, JULIAN PERDOMO, is a resident of Bronx County, New York.

6. Defendants are the owners of various buildings throughout New York City. Defendants operate a building management company, managing buildings owned by Defendants as well as buildings owned by various other individuals throughout New York City. Defendants manage over a hundred different property buildings throughout New York City.

7. Defendant 113-117 REALTY, LLC is a domestic limited liability company organized under the laws of the State of New York with an address for service of process and principal place of business located at c/o Direct Property Management, 415 Fifth Avenue, Second Floor, Pelham, New York 10803.

8. Defendant DIRECT PROPERTY MANAGEMENT LLC is a domestic limited liability company organized under the laws of the State of New York with an address for service of process and principal place of business located at c/o Lawrence Marolda, 415 Fifth Avenue, Pelham, New York 10803.

9. Individual Defendant LAWRENCE MAROLDA is an owner of Corporate Defendants. LAWRENCE MAROLDA exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to LAWRENCE MAROLDA directly regarding any of the terms of their employment, and LAWRENCE MAROLDA would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. LAWRENCE MAROLDA ensured that employees worked effectively and that the business was operating efficiently and profitably. LAWRENCE MAROLDA exercised functional control over the business and financial operations of Corporate Defendants. LAWRENCE MAROLDA had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

10. At all relevant times, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including maintenance workers, repair persons, and other individuals with job duties similar to Plaintiff, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper wages for overtime hours at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including maintenance workers, repair persons, and other individuals with job duties similar to Plaintiff, employed by

Defendants, on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class").

16. All said persons, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P.

17. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants and there are more than forty (40) members of the Class.

18. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay overtime compensation, (ii) failing to pay spread of hours premium, (iii) failing to provide proper wage statements to Plaintiff and Class members as required under the New York Labor Law, and (iv) failing to provide proper wage and hour notice to Class members per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same

unlawful policies, practices and procedures.

19. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In

addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Both current and former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

    b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class members properly;

    c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

    d) Whether Defendants notified Plaintiff and Class members of their regular hourly rate and overtime rate;

    e) Whether Defendants paid Plaintiff and Class members improperly on a fixed salary basis;

f) Whether Defendants paid Plaintiff and Class members the full and proper overtime compensation to which they were entitled for hours worked over forty (40) per workweek at the premium rate of one and one-half times the regular rate of pay, under the New York Labor Law;

g) Whether Defendants paid Plaintiff and Class members their spread of hours premium for days worked in excess of ten (10) hours per workday;

h) Whether Defendants provided to Plaintiff and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law; and

h) Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law.

## STATEMENT OF FACTS

23. In or around July 2013, Plaintiff JULIAN PERDOMO, was hired by Defendants to work as a maintenance and repair worker for Defendants' building management company, serving building properties throughout New York City. Plaintiff was employed by Defendants until on or about February 21, 2018.

24. Throughout Plaintiff JULIAN PERDOMO's employment with Defendants, Defendants were able to and sent Plaintiff to work at any one of theirs or their clients' building properties. Plaintiff was assigned as a maintenance and repair worker for the following building locations:

   i. 116 Avenue C, New York, New York 10009;
   ii. 552 146th Street, New York, New York 10031;
   iii. 550 146th Street, New York, New York 10031;

      iv. 546 146th Street, New York, New York 10031;

      v. 237 East 58th Street, New York, New York 10022;

      vi. 239 East 58th Street, New York, New York 10022;

      vii. 201 East 61st Street, New York, New York 10065; and

      viii. 136 East 70th Street, New York, New York 10021.

25. Throughout Plaintiff JULIAN PERDOMO's employment with Defendants, Plaintiff was scheduled to work, and did work, from 8:00am until 5:00pm, for five (5) days a week, and from 12:00pm to 4:00pm, for one (1) day a week. At all times, Plaintiff JULIAN PERDOMO was on call by Individual Defendant and the property managers of the buildings he worked for, and as a result, Plaintiff regularly worked an extra nine (9) hours per week. At all times, Plaintiff JULIAN PERDOMO regularly worked for a total of fifty-eight (58) hours per week, regularly working over forty (40) hours per week. Plaintiff JULIAN PERDOMO was also required to work without a lunch break on a daily basis. Plaintiff JULIAN PERDOMO regularly worked ten (10) or more hours on a given workday, but he was not compensated his spread of hours premium. FLSA Collective Plaintiffs and Class members worked similar hours that regularly exceeded ten (10) hours per workday and forty (40) hours per workweek. At all relevant times, Defendants did not maintain a system for tracking Plaintiff's, FLSA Collective Plaintiffs' and Class members' actual hours worked.

26. From the start of Plaintiff JULIAN PERDOMO's employment through December 2014, Plaintiff JULIAN PERDOMO was paid on an illegal fixed salary basis of $425.00 per week, regardless of hours worked. From in or around January 2015 until the end of Plaintiff JULIAN PERDOMO's employment with Defendants, Plaintiff JULIAN PERDOMO was paid on an illegal fixed salary basis of $576.00 per week, regardless of hours worked. Regardless of

how many hours Plaintiff worked in excess of forty (40) each workweek, Plaintiff was never paid an overtime compensation for hours worked in excess of forty (40) per week. Plaintiff never received notice informing him that the fixed salary covered overtime hours and there was never any understanding that the fixed salary was intended to cover any overtime hours worked by Plaintiff. FLSA Collective Plaintiffs and Class members were similarly compensated on an illegal fixed salary basis. As a result, FLSA Collective Plaintiffs and Class members were not paid an overtime premium for hours worked in excess of forty (40) per week.

27. At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class members regularly worked over forty (40) hours per week, but Defendants failed to pay them the proper overtime compensation in violation of the FLSA and New York Labor Law.

28. Plaintiff and Class members regularly worked days that exceeded ten (10) hours in a given workday. However, Defendants unlawfully failed to pay Plaintiff and Class members their spread-of-hours premium for workdays that exceeded ten hours in length.

29. At no time during the relevant time periods did Defendants provide Plaintiffs or Class members with proper wage and hour notices or wage statements as required by New York Labor Law. In fact, for a duration of Plaintiff's employment with Defendants, Defendants compensated him and other Class members in cash, without any wage statements. Defendants di not begin to compensate Plaintiff with a check until in or around January 2015.

30. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked in excess of forty (40) hours per week.

31. Defendants knowingly and willfully operated their business with a policy of not paying spread of hours premium to Plaintiff and Class members, in violation of the NYLL

32. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiffs and Class members, in violation of the New York Labor Law.

33. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiff and Class members, at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

34. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

35. Plaintiff realleges and reavers Paragraphs 1 through 34 of this Class and Collective Action Complaint as if fully set forth herein.

36. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

37. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

38. At all relevant times, the Defendants had gross annual revenues in excess of $500,000.

39. At all relevant times, Defendants engaged in a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all overtime hours worked at the statutory rate of one and one-half times the regular pay rate for each hour worked in excess of forty (40) hours in a workweek.

40. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime compensation, plus an equal amount as liquidated damages.

41. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

42. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

43. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

44. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

45. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages, plus an equal amount as liquidated damages.

46. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

47. Plaintiff realleges and reavers Paragraphs 1 through 46 of this Class and Collective Action Complaint as if fully set forth herein.

48. At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the New York Labor Law, §§2 and 651.

49. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them for all overtime hours worked at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

50. Defendants failed to properly notify employees of their overtime rate, in direct violation of the New York Labor Law.

51. Plaintiff and Class members regularly worked days that exceeded ten hours per day. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay spread of hours premium to Plaintiff and Class members for each day their workday exceeded ten (10) hours in length.

52. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other Class members, in violation of the New York Labor Law. Defendants are required to provide itemized listings of deductions taken on each wage statement. Defendants failed to provide wage statements as required under the NYLL.

53. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and Class members at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

54. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime, unpaid spread of hours premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and NYLL;

d. An award of unpaid spread of hours due under the NYLL;

e. An award of compensatory and punitive damages and all other penalties the Court deems appropriate as a result of Defendants' willful retaliatory conduct under the FLSA and NYLL;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and spread of hour premium pursuant to the New York Labor Law;

h.  An award of statutory penalties, and prejudgment and postjudgment interest;

i.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

j.  Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

k.  Designation of this action as a class action pursuant to F.R.C.P. 23;

l.  Designation of Plaintiff as Representative of the Class; and

m.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: October 25, 2018

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By: ___/s/ C.K. Lee___
     C.K. Lee, Esq. (CL 4086)